## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VICTORIA MORENO, on behalf of herself and all others similarly situated, | ) Civil Action No.: |
| | ) |
| Plaintiff, | ) **FIRST AMENDED** |
| | ) **CLASS AND COLLECTIVE** |
| v. | ) **ACTION COMPLAINT** |
| | ) |
| BR RESTAURANTS HOLDINGS, LLC; | ) |
| BLUE RIBBON RESTAURANTS, LLC | ) **JURY TRIAL DEMANDED** |
| d/b/a FAMOUS DAVE'S; BLUE | ) |
| RIBBON RESTAURANTS II, LLC d/b/a | ) |
| FAMOUS DAVE'S; BLUE RIBBON | ) |
| RESTAURANTS III, LLC d/b/a | ) |
| FAMOUS DAVE'S BBQ; BLUE | ) |
| RIBBON RESTAURANTS NOVI, LLC | ) |
| d/b/a FAMOUS DAVE'S BBQ; BLUE | ) |
| RIBBON RESTAURANTS | ) |
| ROCHESTER, LLC d/b/a FAMOUS | ) |
| DAVE'S BBQ; WINDY CITY | ) |
| RESTAURANT HOLDINGS, LLC; | ) |
| BUCKEYE BBQ, LLC; CAPITAL BLUE | ) |
| RIBBON RESTAURANTS, LLC; | ) |
| COMMONWEALTH BLUE RIBBON | ) |
| RESTAURANTS, LLC; ELLIOT BAUM | ) |
| and DOE DEFENDANTS 1-10, | |
| | |
| Defendants. | |

Plaintiff Victoria Moreno ("Moreno" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## **INTRODUCTION**

1.      This is a class and collective action brought on behalf of "Tipped Employees" who work or have worked at restaurants operating under the trade name

Famous Dave's BBQ that are owned and operated and/or managed by Defendant BR Restaurants Holdings, LLC, Defendant Blue Ribbon Restaurants, LLC d/b/a Famous Dave's, Defendant Blue Ribbon Restaurants II, LLC d/b/a Famous Dave's, Defendant Blue Ribbon Restaurants III, d/b/a Famous Dave's BBQ, Defendant Blue Ribbon Restaurants Novi, LLC d/b/a Famous Dave's BBQ, Defendant Blue Ribbon Restaurants Rochester, LLC d/b/a Famous Dave's BBQ, Windy City Holdings, LLC; Buckeye BBQ, LLC; Capital Blue Ribbon Restaurants, LLC; Commonwealth Blue Ribbon Restaurants, LLC (collectively "Famous Dave's" or the "Company") and Elliot Baum ("Baum" and together with Famous Dave's, "Defendants"), and have been subject to the unlawful practices detailed herein.

2.      As detailed below, upon information and belief, each of the Famous Dave's entities maintain the same corporate address and share common ownership and employment policies, including those relating to the compensation of Tipped Employees

3.      As such, upon information and belief, the employment practices complained of herein were applicable to all Tipped Employees employed at Famous Dave's, as Defendants utilized common labor policies and practices. Accordingly, Defendants are responsible for the employment and compensation practices at issue.

4.     Famous Dave's employs individuals as "servers" ("waiters" and "waitresses") and "bartenders" (collectively, "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices.

5.     As explained in detail below, Famous Dave's systematically and willfully deprived Plaintiff and Tipped Employees of minimum wages and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and the Michigan Workforce Opportunity Act ("MWOWA"), MCL § 408.411 *et seq*. by, among other things, failing to satisfy the notice requirements of the tip credit provisions of the FLSA and MWOWA.

6.     Due to Defendants' unlawful failure to properly inform Tipped Employees of its intention to utilize a "tip credit", Defendants have improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

7.     Moreover, Defendants' Tipped Employees often clocked-in to Defendants' time-keeping systems under different job codes which paid different hourly rates.  When Tipped Employees worked in excess of forty (40) hours in a workweek working under different job codes, Defendants only paid the employee overtime based on the rate for the job code the employee worked those overtime hours. In short, and in contravention of applicable law, Defendants failed to pay

overtime at a blended rate based upon a weighted average of the hourly rates for all the job codes worked the week the overtime was incurred.

8.      Lastly, when Tipped Employees worked catering events, Defendants improperly capped the amount of tips that could be retained by Tipped Employees working the event, and retained amounts in excess of the capped amount, in violation of Michigan common law.

9.      As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

10.      Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA" or the "Act").

11.      In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendants in the United States within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Class").

12.      In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages and tips.  Specifically, Plaintiff brings this action for

Defendants' failure to pay the applicable minimum wage and overtime wage, pursuant to the MWOWA, and unlawful retention of tips, pursuant to Michigan common law (together with the MWOWA, "MI Laws").

13.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendants in the State of Michigan during the statutory period covered by this Complaint (the "MI Class").

14.     Plaintiff further brings this suit on behalf of a subclass of similarly situated persons of the MI Class composed of:

> All current and former Tipped Employees who have worked for Defendants in the State of Michigan on catering events during the statutory period covered by this Complaint (the "Unjust Enrichment Class").

15.     The Collective Class, MI Class and the Unjust Enrichment Class are hereafter collectively referred to as the "Classes."

16.     Plaintiff alleges on behalf of the Collective Class that they are: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law; (ii) entitled to unpaid overtime wages from Defendants for overtime hours worked for which Defendants failed to

calculate the overtime rate as a blended rate; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

17.    Plaintiff further alleges on behalf of the MI Class that Famous Dave's violated the MI Laws by: (i) failing to comply with the tip credit provisions, as required by law, and consequently failed to pay them the appropriate minimum wages for all hours worked; (ii) failing to used a blended hourly rate to calculate the overtime rate paid to Tipped Employees who worked under more than one job code in a workweek; and (iii) unlawfully retaining a portion of tips earned by Tipped Employees to offset business expenses.

## PARTIES

18.    Plaintiff Victoria Moreno ("Plaintiff") is a resident of the State of Michigan who is a Tipped Employee employed by Famous Dave's as a "server" in the state of Michigan.  While employed as a Tipped Employee, Defendant failed to compensate Plaintiff properly for all hours worked.

19.    Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  Her executed Consent To Sue form is attached hereto as Exhibit A.

20.    Famous Dave's owns and operates at least four full-service restaurants located in the state of Michigan that focus on barbeque cooking.  Famous Dave's employs Tipped Employees at each of these locations.

21.     Upon information and belief Defendant BR Restaurants Holdings, LLC ("BR Restaurants") is a holding company that is the sole active member in Defendants: (i) Blue Ribbon Restaurants, LLC d/b/a Famous Dave's; (ii) Blue Ribbon Restaurants II, LLC d/b/a Famous Dave's; (iii) Blue Ribbon Restaurants III, d/b/a Famous Dave's BBQ; (iv) Blue Ribbon Restaurants Novi, LLC d/b/a Famous Dave's BBQ; (v) Windy City Restaurant Holdings, LLC; (vi) Buckeye BBQ, LLC; (vii) Capital Blue Ribbon Restaurants, LLC; and (viii) Commonwealth Blue Ribbon Restaurants, LLC.  BR Restaurants maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

22.     Upon information and belief Defendant BR Restaurants Holdings, LLC ("BR Restaurants") is a holding company that was the sole active member in Defendant Blue Ribbon Restaurants Rochester, LLC d/b/a Famous Dave's BBQ (Blue Ribbon Restaurants Rochester").   Defendant Blue Ribbon Restaurants Rochester operated a Famous Dave's restaurant at 2945 South Rochester Road Rochester Hills, MI 48307 that employed Tipped Employees during the period covered by this Complaint.

23.     Defendant Blue Ribbon Restaurants, LLC d/b/a Famous Dave's ("Blue Ribbon Restaurants") operates a Famous Dave's BBQ restaurant located at 36601 Warren Road, Westland, MI 48185.   Blue Ribbon Restaurants employs Tipped

Employees at this location.    Blue Ribbon Restaurants maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

24.    Defendant Blue Ribbon Restaurants II, LLC d/b/a Famous Dave's ("Blue Ribbon Restaurants II") operates a Famous Dave's BBQ restaurant located at 20300 East 13 Mile Road, Roseville, MI 48066.  Blue Ribbon Restaurants II employs Tipped Employees at this location.   Blue Ribbon Restaurants II maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

25.    Defendant Blue Ribbon Restaurants III, d/b/a Famous Dave's BBQ ("Blue Ribbon Restaurants III") operates a Famous Dave's BBQ restaurant located at 23811 Eureka Road, Taylor, MI 48180.  Blue Ribbon Restaurants III employs Tipped Employees at this location.    Blue Ribbon Restaurants III maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

26.    Defendant Blue Ribbon Restaurants Novi, LLC d/b/a Famous Dave's BBQ ("Blue Ribbon Restaurants Novi") operates a Famous Dave's BBQ restaurant located at 43350 Crescent Blvd, Novi, MI 48375.  Blue Ribbon Restaurants Novi employs Tipped Employees at this location.    Blue Ribbon Restaurants Novi maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

27.    Defendant Windy City Restaurant Holding, LLC ("Windy City Holdings") operates five (5) Famous Dave's BBQ restaurants in the Chicago area

under the assumed names of: (i) Famous Dave's Oswego (2440 US-34 Oswego, IL 60543); (ii) Famous Dave's - Orland Park (15657 Harlem Avenue Orland Park, IL 60462); (iii) Famous Dave's - North Riverside (7201 W. 25th Street North Riverside, IL 60546); (iv) Famous Dave's – Bolingbrook (704 Janes Ave. Bolingbrook, IL 60440); and (v) Famous Dave's – Addison (1631 West Lake Street Addison, IL 60101). Defendant Windy City Holdings maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

28.     Defendant Windy City Holdings also operated two (2) Famous Dave's during the period covered by this complaint that employed Tipped Employees but have recently closed: (i) Famous Dave's - Evergreen Park (2855 95th St, Evergreen Park, IL 60805) and (ii) Famous Dave's - Algonquin (1521 S Randall Rd, Algonquin, IL 60102).

29.     Defendant Buckeye BBQ, LLC operates a Famous Dave's Restaurant employing Tipped Employees at 26410 Great Northern Shopping Center North Olmsted, OH 44070.  Defendant Buckeye BBQ, LLC maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

30.     Defendant Capital Blue Ribbon Restaurants, LLC ("Capital Blue Ribbon") operates four (4) Famous Dave's BBQ restaurants in the state of Maryland that employ Tipped Employees under the trade name of Famous Dave's, with locations at: (i) 6201 Columbia Crossing Circle, Columbia, MD 21045; (ii) 1003 W.

Patrick Street, Frederick, MD 21703; (iii) 14140 Baltimore Avenue, Laurel, MD 20707; and (iv) 3046 Waldorf Market Place, Waldorf, MD 20603. Defendant Capital Blue Ribbon maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

31.     Defendant Commonwealth Blue Ribbon Restaurants, LLC ("Commonwealth Blue Ribbon") operates four (4) Famous Dave's BBQ restaurants in the Commonwealth of Virginia that employ Tipped Employees under the trade name of Famous Dave's, with locations at: (i) 6630 Richmond Highway, Alexandria, VA 22306; (ii) 14452 Chantilly Crossing Lane, Chantilly, VA 20151; (iii) 2910 Chain Bridge Road, Oakton, VA 22124: and (iv) 2430 Prince William Parkway, Woodbridge, VA 22192. Defendant Commonwealth Blue Ribbon maintains its corporate address at 8451 Boulder Ct., Suite 250, Walled Lake, MI 48390.

32.     Defendant Elliot Baum is the sole resident agent of BR Restaurant Holdings. Upon information and belief Defendant Baum is also the President, Manager or otherwise primary officer of each of the Defendants: Blue Ribbon Restaurants, Blue Ribbon Restaurants II, Blue Ribbon Restaurants III, Blue Ribbon Restaurants Novi, Windy City Holdings, Buckeye BBQ, LLC, Capital Blue Ribbon, and Commonwealth Blue Ribbon, as well as the restaurants these Defendants operate.

33.     In his corporate capacity, upon information and belief, Defendant Baum exercises sufficient control over the labor policies and practices of the Famous Dave's entities complained of herein to be considered the employer of Plaintiff and the Classes for the purposes of the FLSA and MOWA.

34.     Upon information and belief, Defendants are a single and joint employer with a high degree of interrelated and unified operations, sharing a common officer.  Each of these Defendants share the common labor policies and practices complained of herein.

35.     Upon information and belief, the sole reason for separate corporate entities was to limit the liability of Defendants. Evidencing the interrelation and unified operation of the Famous Dave entities, each of the entities maintain the same corporate address and all have a common ownership/management structure.  Further evidence of the interrelated nature of Defendants is the fact that webpages for all the Famous Dave's restaurants operated by Defendants are identical and state that the contents are copyrighted by Blue Ribbon Restaurants-Novi, LLC.

36.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff.[1]     Upon information and belief, Plaintiff

---

[1] Plaintiff believes there may be additional Famous Dave's entities employing Tipped Employees that have not been identified yet.  Should discovery reveal the

alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendants.   In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.   Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the defendants.

## JURISDICTION AND VENUE

37.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

38.    Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

39.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

40.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

---

existence of such restaurants, Plaintiff will seek leave to amend her pleadings to add such additional entities as defendants.

## FACTUAL ALLEGATIONS

41.     The crux of the FLSA and MI Laws is, *inter alia*, that all employees are: (i) entitled to be paid the proper overtime rate for all hours worked in excess of forty in a workweek; (ii) entitled to be paid mandated minimum wages for all hours worked, and (iii) retain all tips lawfully conferred to them.

42.     Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage and overtime wage for all hours they worked, and were forced to turnover portions of tips received by them.

43.     Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendants.

44.     Upon information and belief, Defendants' restaurants operate under uniform policies/procedures applicable to all members of the Classes, including subjecting Tipped Employees to the unlawful pay practices complained of herein.

**Plaintiff's Experience Working For Defendants**

45.     As set forth above, Plaintiff is employed by Defendants as a "server" and "bartender" in the Famous Dave's restaurant located in Taylor, MI.  Plaintiff began working at this location from on or about 2010 as a "to go" person and has worked as a Tipped Employee from on or about 2012 through the present.

46.     Plaintiff is paid an hourly cash wage rate from Famous Dave's and earns tips from customers who chose to leave her a gratuity.  As a bartender,

Plaintiff's cash wage is $5.00 per hour, and as a server Plaintiff's cash wage is $3.34 per hour.  If Plaintiff trained someone as a bartender, her cash wage was $6.00 / hr.

47.     In addition to working as a Tipped Employee for Defendants, Plaintiff also has worked as a food runner where she earned the applicable Michigan minimum wage, and also as Manager Assistant, where she earned an hourly wage of between $10.00 - $12.00 / hr.

48.     When working under a tipped employee job code, Plaintiff does not ever recall her hourly wage being raised for any shift she worked for Famous Dave's, irrespective of the amount of tips she earned or the type of work she performed.

49.     At the time of the filing of this Complaint, and since approximately August 2018, Plaintiff typically works a double shift on Saturdays, whereby she works as a bartender for the lunch shift and typically as a food runner for the dinner shift full-time.   Plaintiff customarily arrives between 10:00 and 10:45 for the beginning of her shift.

50.     Prior to that Plaintiff typically worked at least three (3) days per week – Thursday, Friday and Saturday – from opening to close.  Plaintiff typically arrived at work at 10:00 a.m. and left work after 10:00 p.m.

51.     Upon arriving at work, Plaintiff spends her time doing prep work.  In addition, Plaintiff often arrived early to perform required cleaning duties, such as wiping down all the wood in the bar area, including the chairs.

52.    After the restaurant closes to the public at 10:00 p.m., Plaintiff performed breakdown work.

53.    In addition to working her regular shifts as a bartender or food runner, Plaintiff also worked additional shifts under the job code Manager Assistant ("MA"), which sometimes caused her to work over forty hours in a workweek.

54.    The hourly pay rate for the job code of MA was higher than the hourly pay rate of bartender.

55.    When Plaintiff worked hours over forty where she worked under multiple job codes, she was paid overtime based on the hourly rate of a single job code, rather than the weighted average of the hourly rates for each of the codes she worked under that pay period.

56.    By way of example, during a week where Plaintiff worked over forty hours as both a bartender and an MA, her overtime pay rate was based on the lower hourly rate of bartender, rather than a blended rate of both MA and bartender.

57.    Along with her time working in the restaurant, Plaintiff worked catering events during the statutory period covered by this Complaint.

58.    Plaintiff recorded her work time by logging into MICROS, Famous Dave's point-of-sale ("POS") timekeeping system.

59.     The precise amount of time Plaintiff recorded as working each week, upon information and belief, is maintained in Defendants' employment and/or payroll records.

60.     Plaintiff believes that the compensation and work policies described herein applied to both her and all the other Tipped Employees as, at no time, was she informed that a policy was unique to her.

## The Tip Credit Provision & Requirements

### *FLSA Requirements*

61.     Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants initially chose to take a tip credit and pay these employees less than the applicable minimum wage.

62.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.[2]

---

[2] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage. That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit. Under no circumstances is the

63.     The applicable requirements for an employer to claim a tip credit under federal law are set forth in 29 C.F.R. § 531.59.

64.     The Department of Labor ("DOL") has set forth these requirements in an easy to ready Fact Sheet, specifically Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15").

65.     Fact Sheet #15 specifically states that:

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

66.     As is made plain in both 29 C.F.R. § 531.59 and Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

67.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the Tipped Employee and that amount must equal at least $2.13 per hour.

68.     Second, the employer must notify the Tipped Employee of the amount the employer is claiming as a tip credit.  In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

---

employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

69.     Third, the employer must inform the Tipped Employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee.  In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

70.     Indeed, the Regulation specifically states: "If the employee received less than the maximum tip credit amount in tips, the employer is required to pay the balance so that the employee receives at least the minimum wage with the defined combination of wages and tips." 29 C.F.R. § 531.59(b).[3]

71.     Fourth, the employer must notify the Tipped Employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

72.     Finally, the Tipped Employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

---

[3] For example, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

73.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[4]   If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

74.     As set forth herein, Defendants failed to comply with certain of the FLSA's provisions regarding the claiming of a tip credit.

### *Michigan's Requirements*

75.     Michigan state law also maintains tip notification requirements.  *See* M.C.L. § 408.414(d).

76.     Like the FLSA, Michigan law states that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the employee.  *See* M.C.L. § 408.414 (d).

77.     Importantly, however, Michigan mandates a higher minimum cash wage and requires employers to pay at least $3.52 per hour effective January 1, 2018.[5]  Thus, under Michigan law, the maximum tip credit is $5.73 per hour.

---

[4] Courts have strictly construed this notification requirement.  Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

[5] The minimum wage rate in Michigan, as of January 1, 2018, is $9.25 per hour.

78.     Further, Michigan requires notice to be given in order for an employer to pay an employee a cash wage below the full minimum wage.

79.     Michigan law also requires an employer to keep a written, signed statement of the amount of gratuities the employee received that week.

80.     Courts in this District have "aggressively enforce[ed] the notice requirement" of the tip credit provisions. *McFarlin v. Word Enters., LLC*, No. 16-cv-12536, 2018 U.S. Dist. LEXIS 46212, *11 (E.D. Mich. Mar. 21, 2018) (granting plaintiff's motion for partial summary judgment as to the issue of whether defendants met tip notification requirements).

81.     As such, an employer cannot be said to have complied with Michigan's tip credit notification requirements where the employer simply relies on United States Department of Labor mandated posters.  This is because these posters do not explicitly identify the tip credit amount in Michigan (as it differs from the FLSA tip credit amount).

**<u>Defendants' Failure to Notify Tipped Employees</u>**

82.     As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

83.     Rather than comply with the notification requirements set forth in Fact Sheet #15, Defendants chose to simply pay their Tipped Employees with a tip credit

wage.  In short, Defendants failed to inform their Tipped Employees of (i) their intention to take the tip credit, and (ii) the amount Defendants intended to claim as a tip credit.

84.     District courts across the country have held that where an employer fails to satisfy any one of the notification requirements, including paying employees for all hours worked, that employer forfeits the tip credit and must pay the employee the full minimum wage.

85.     Indeed, Plaintiff does not ever recall being notified by Famous Dave's that it intended to take a "tip credit," nor how much that amount would be.  Evincing the magnitude of Defendants' abject failure to notify Tipped Employees of their intention to take a tip credit, until recently, Plaintiff never even heard the term "tip credit."

86.     Further, in violation of the notification requirements of both the FLSA and MWOWA, Plaintiff does not recall ever being told that if she did not earn enough in tips to cover the tip credit taken by Defendants, that Famous Dave's was responsible to pay the difference.

87.     Further, Defendants required Tipped Employees to cover cash shortages.  Tipped Employees did not close each dinner check with a cashier, but rather walked around serving as their own cashier.  Defendants' managers would tell Tipped Employees that their "drop" (meaning the cash they should pay Defendants

at the end of their shift) should be "x." If a Tipped Employee did not have "x" in their bank, they would have to forfeit a portion of their tips to cover this shortage. The Department of Labor considers such conduct to be a clear violation of the FLSA. *See* Fact Sheet 16 ("Typical Problems").

88.     Moreover, even instances where a Tipped Employee receives no tips (e.g., got "stiffed" by their customers), that server is still required to tip out 3% of their gross sales to the other employees including hosts and employees servicing "to go" customers. Consequently, in such instances, Tipped Employees are required to effectively go into their own pocket to meet this requirement.

89.     When questioned about the propriety of this practice at a recent meeting of the Novi Tipped Employees, a manager simply responded "it is what it is" and that servers could not elect not to tip out the required 3% irrespective of whether they received little to no tips that shift.

90.     Plaintiff alleges that each of the above actions was done willfully by Defendants.

**Defendants' Overtime Violations**

91.     Defendants' employees, including Tipped Employees, clock-in under multiple job codes, with varying hourly rates.

92.     By way of example, in a single pay period Plaintiff has worked hours as a bartender (paying $5.00 / hr.) and a Manager Assistant (paying $10 / hr.)

93.     When Plaintiff worked hours in excess of forty, entitling her to premium overtime pay, Defendants calculated her overtime rate at minimum wage, less the tip credit taken, for an overtime rate of $9.25.  In effect Defendants only factored her hours as a bartender in calculating her overtime rate.

94.     Under the FLSA and MWOWA, when an employee two or more job titles with different hourly rates the overtime rate is calculated using the weighted average method.  Under the weighted average method, the total gross wage is divided by the total number of hours worked to obtain the average hourly rate. The average hourly rate is then divided in half to determine the additional premium (half-time) rate due the employee.

95.     Defendants failed to use the weighted average method in calculating the overtime rate where multiple hourly rates were earned by Tipped Employees.

**Defendants' Tip Policy for Catering Events**

96.     Defendants had a policy for catering events whereby Tipped Employees were capped as to the amount of tips they could retain from a specific catering event.

97.     By way of example, on a catering event, Tipped Employees may be capped at $100 for each employee working the event.  If there are two employees, and the tip given by the host is $300, then the Tipped Employees would only receive $200, with the remaining $100 going to Defendants.

98.    Upon information and belief, during the applicable period covered by this Complaint, Defendants used some of these funds to offset their own expenses such as maintaining their catering vehicles.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

99.    Plaintiff brings this action on behalf of the Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).  Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the MI Class for claims under the MWOWA, and on behalf of herself and the Unjust Enrichment class for claims under Michigan common law.

100.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the MWOWA and common law may be pursued by all similarly-situated persons who do not opt-out of the MI Class and Unjust Enrichment Class pursuant to Fed.R.Civ.P. 23.

101.    Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over 30 individuals in each of the Classes.

102.   Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

103.   The claims of Plaintiff are typical of the claims of the Classes she seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

104.   Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)   whether Defendants have failed to pay the full minimum wage for each hour worked;

(b)   whether Defendants satisfied each of the requirements in order to claim a tip credit against each hour worked;

(c)   whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint; and

(d)   whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

105.   Plaintiff will fairly and adequately protect the interests of the Classes as her interests are aligned with those of the members of the Classes.  Plaintiff has

no interests adverse to the Classes she seeks to represent and has retained competent and experienced counsel.

106.   The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.   The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

107.   Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

108.   Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the MWOWA.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS
#### (On Behalf of the Collective Class)

109.   Plaintiff, on behalf of herself and the Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

110.   Upon information and belief, at all relevant times, Famous Dave's has had gross revenues in excess of $500,000.

111.   At all relevant times, Famous Dave's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

112.   At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

113.   Pursuant to Famous Dave's compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage without fulfilling the notification requirements of the FLSA.

114.   Famous Dave's has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

115.   Due to Famous Dave's FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS
### (On Behalf of the Collective Class)

116. Plaintiff, on behalf of herself and the Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

117. Upon information and belief, at all relevant times, Famous Dave's has had gross revenues in excess of $500,000.

118. At all relevant times, Famous Dave's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

119. At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

120. Pursuant to Famous Dave's compensation policies, rather than calculate Tipped Employees' overtime rate using a weighted average of multiple hourly rates when they worked under multiple job codes, Defendants used an overtime rate based off a single job code.

121. Famous Dave's has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

122.   Due to Famous Dave's FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for unpaid overtime at the weighted average rate; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b)

### THIRD CLAIM FOR RELIEF
### MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT– MINIMUM WAGE VIOLATIONS
**(On Behalf of the MI Class)**

123.   Plaintiff, on behalf of herself and the members of the MI Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

124.   At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of the MI Class Members within the meaning of the MWOWA.

125.   Pursuant to Famous Dave's compensation policies, rather than pay Tipped Employees the Michigan mandated minimum wage, Famous Dave's improperly took a tip credit and only paid a tip credit wage.  The result of this conduct was that Tipped Employees were paid at a rate below the Michigan minimum wage.

126.   At relevant times in the period encompassed by this Complaint, Famous Dave's had a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

127.   As a result of Defendants' willful practices, Famous Dave's was not entitled to claim the tip credit and pay Plaintiff and the members of the MI Class less than the Michigan minimum wage for all hours worked.

128.   Defendants have violated and, continue to violate, the Michigan Workforce Opportunity Wage Act.

129.   Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the MI Class, are entitled to recover from Defendants the amount of unpaid minimum wages; an additional equal amount as liquidated damages; and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT– OVERTIME**
**WAGE VIOLATIONS**
**(On Behalf of the MI Class)**

130.   Plaintiff, on behalf of herself and the members of the MI Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

131.   At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of the MI Class Members within the meaning of the MWOWA.

132.    Pursuant to Famous Dave's compensation policies, rather than calculate Tipped Employees' overtime rate using a weighted average of multiple hourly rates when they worked under multiple job codes, Defendants used an overtime rate based off a single job.

133.    As a result of Defendants' willful practices, Famous Dave's did not pay Tipped Employees the proper overtime rate when they worked under multiple job codes during a pay period.

134.    Defendants have violated and, continue to violate, the Michigan Workforce Opportunity Wage Act.

135.    Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the MI Class, are entitled to recover from Defendants the amount of unpaid overtime wages; an additional equal amount as liquidated damages; and attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
### MICHIGAN COMMON LAW – UNJUST ENRICHMENT
**(On Behalf of the Unjust Enrichment Class)**

136.    Plaintiff, on behalf of herself and the members of the Unjust Enrichment Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

137.    Plaintiff and the members of the Unjust Enrichment Class were employed by Defendants.

138.   At all relevant times, Defendants had a willful policy and practice of denying Tipped Employees their full share of gratuities.

139.   During the class period covered by this Complaint, Plaintiff and Tipped Employees were subjected to unlawful deductions from their gratuities.

140.   Defendants retained the benefits of its unlawful deductions from the gratuities from Plaintiff and Tipped Employees under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

141.   Defendants were unjustly enriched by subjecting Plaintiff and Tipped Employees to such unlawful deductions.

142.   As direct and proximate result of Defendant's unjust enrichment, Plaintiff and the members of the Unjust Enrichment Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the Unjust Enrichment Class.

143.   Plaintiff, on behalf of herself and the members of the Unjust Enrichment Class, are entitled to reimbursement, restitution and disgorgement of monies received by Defendants.

## **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Collective Class and members of the MI Class respectfully requests the Court grant the following relief:

A.      Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.      Designation of the action as a class action under F.R.C.P. 23 on behalf of the MI Class and Unjust Enrichment class;

C.      Designation of Plaintiff as representative of the Collective Class, the MI Class and the Unjust Enrichment Class;

D.      Designation of Plaintiff's counsel as class counsel for the Classes;

E.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, MWOWA and Michigan Common Law;

F.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.      An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H.      An award of liquidated damages to Plaintiff and members of the Classes;

I.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

J.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:          February 22, 2019                    Respectfully submitted,

**CONNOLLY WELLS & GRAY, LLP**

By:/s/ Gerald D. Wells, III
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: 610-822-3700
Facsimile: 610-822-3800
Email:         gwells@cwg-law.com
               rgray@cwg-law.com

**CARLSON LYNCH KILPELA &
CARPENTER, LLP**
Gary F. Lynch
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222
T: 412-322-9243
F: 412-231-0246
glynch@carlsonlynch.com

**THE LAW OFFICES OF
DANIEL O. MYERS**
     Daniel Myers (MI ID# P49250)
     4020 Copper View Ste. 225
     Traverse City, MI 49684
     dmyers@domlawoffice.com

*Attorneys for the Plaintiff and the
Proposed Classes*